UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---

CAROLYN R. JONES,

                       Plaintiff,        **No. 6:14-cv-06316(MAT)**
                                                        **DECISION AND ORDER**
        -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                       Defendant.
---

## I.    Introduction

    Carolyn R. Jones ("Plaintiff"), represented by counsel, brought this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her application for Social Security Insurance ("SSI"). On August 3, 2015, the Court issued a Decision and Order reversing the Commissioner's decision and remanding the matter solely for calculation and payment of benefits.

    On September 4, 2015, Plaintiff filed her First Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt #15) and Affidavit in Support (Dkt #16), seeking an award of attorney fees in the amount of $10,739.12 ($195.60/hour for 50.2 hours) plus $46.38 in costs. The Commissioner filed a response (Dkt #17) arguing that Plaintiff's fee request is excessive and should be reduced to no more than $7,824 ($195.60/hour for 40 hours) plus

$46.38 in costs. Plaintiff filed a reply (Dkt #19). For the reasons discussed below, Plaintiff's motion is granted in part and denied in part.

## II. The Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA") provides that courts may award attorney's fees incurred by a prevailing party in certain civil actions against the United States. See 28 U.S.C. § 2412(d)(1)(A). To qualify for an award of attorney's fees under the EAJA, a claimant must submit an application and itemized statement to the court within 30 days of final judgment in the action, demonstrating that (1) she is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) no "special circumstances make an award unjust." Kerin v. United States Postal Serv., 218 F.3d 185, 189 (2d Cir. 2000) (citing Commissioner, INS v. Jean, 496 U.S. 154, 154 (1990); footnote omitted)). The Supreme Court has cautioned that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Contemporaneous time records are generally a pre-requisite for attorney's fees in this Circuit. See Scott v. City of N.Y., 626 F.3d 130, 133 (2d Cir. 2010) (describing Circuit precedent as holding "unequivocally that

absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications") (citation omitted).

**III. Discussion**

    **A.**    **Hourly Rate**

Plaintiff's counsel is requesting an hourly rate of $195.60 for attorney time based on an increase in the cost of living since the EAJA was enacted on March 29, 1996. As Plaintiff's counsel notes, the EAJA mentions a cost-of-living increase as a factor justifying a fee greater than the statutory rate of $125.00 per hour. See 28 U.S.C. § 2412(d)(2)(A)(ii). The Consumer Price Index ("CPI"), as reported by the Bureau of Labor Statistics for the region in which this District is located, shows an increase in the cost of living from March 29, 1996, to the present. Applying this cost of living increase to the statutory rate of $125.00 per hour yields an hourly rate of $195.60 for work performed through the second half of 2014. The Commissioner does not contest the hourly rate, which the Court agrees is reasonable.

    **B.**    **Inclusion of Fees for Time Expended Prior to August 28, 2014**

The Commissioner does not dispute that Plaintiff meets the first, second and fourth requirements of the EAJA. However, the Commissioner argues that a portion of the amount sought by Plaintiff is not reasonable because it is not supported by contemporaneously-kept time records, and that this absence of

documentation amounts to "special circumstances" making the award unjust. As the Commissioner notes, district courts in this Circuit have found that Plaintiff's counsel firm did not begin maintaining contemporaneous time records up until August 28, 2014. See Stroud v. Comm'r of Soc. Sec., No. 13-CV-3251(AT)(JCF), 2015 WL 2137697, at *1 (S.D.N.Y. May 6, 2015) (holding that Plaintiff's attorney's firm did not keep contemporaneous time records by an acceptable time-keeping method prior to August 28, 2014);[1] Sayles v. Colvin, No. 13 Civ. 6129(RJS) (S.D.N.Y. May 21, 2015) (same); Montoya v. Colvin, No. 14 civ. 306 (S.D.N.Y. July 2, 215) (same). Accordingly, these district courts refused to award attorney's fees to his firm for time claimed to have been expended prior to August 28, 2014. See id. Plaintiff's counsel also acknowledges this and has annexed copies of the Montoya and Stroud decisions to his EAJA motion.

Notwithstanding these cases, Plaintiff's counsel has sought fees based on pre-August 28, 2014 time entries in his original motion papers. See Pl's Mot. ¶¶ 5, 6. However, in his reply brief, Plaintiff's counsel states that the "parties readily agree . . . [that] Plaintiff's contemporaneous time records on and after August 28, 2014 resulted in 47.7 hours of attorney time and 4.9 hours of paralegal time, for a total requested award of $9,820.12." Pl's Reply at 2. This statement, taken together with Plaintiff's

---

[1] In Stroud, the district court found that Plaintiff's counsel's firm began keeping contemporaneous time records on August 28, 2014, and that fees incurred on or after that date are compensable. See Stroud, 2015 WL 2137697 at *1

submission of the Stroud and Montoya cases, suggests that the request for pre-August 28, 2014 fees asserted in the original motion was made in error and overlooked by Plaintiff's counsel. Therefore, it appears the parties ultimately are in agreement that the total potentially compensable hours are 47.7 hours of attorney time and 4.9 hours of paralegal time, incurred on or after August 28, 2014. Furthermore, the Court finds that this is correct number of hours for which Plaintiff's counsel may seek reimbursement, because the timesheets submitted by Plaintiff's counsel show that this is the number of hours billed by counsel or his staff on or after August 28, 2014.

**C.   Reasonableness of Time Expended On and After August 28, 2014**

Having found that the hours for which Plaintiff's counsel properly can seek reimbursement are 47.7 hours of attorney time, and 4.9 hours of paralegal time, incurred on or after August 28, 2014, the Court must determine whether these hours are reasonable. See, e.g., Morabito v. Comm'r of Soc. Sec., No. 5:13-CV-0462(DEP), 2014 WL 1341928, at *2 (N.D.N.Y. Apr. 3, 2014) ("When determining the appropriate amount to award under the EAJA in a case of this nature, the court retains broad discretion.") (citing Smith v. Astrue, No. 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012); other citation omitted). "After reviewing the application, the court may in its discretion reduce the award requested." Destefano v. Astrue, No. 05-CV-3534(NGG), 2008 WL 623197, at *2

(E.D.N.Y. Mar. 4, 2008) (citing 28 U.S.C. § 2412(d)(1)(C)).

The Commissioner argues that the amount requested (47.7 hours of attorney's time and 4.9 hours of paralegal's time) exceeds the upper end of the range of hours that courts in this Circuit have found to represent the average number of hours involved in litigating disability cases. It is true that "[d]istrict courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." Barbour v. Colvin, 993 F. Supp.2d 284, 290 (E.D.N.Y. 2014) (quotation and citations omitted)).  However, courts in this Circuit likewise have held that "[a]ttorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award." Dabul-Montini v. Astrue, No. 09-CV-0966, 2011 WL 1541363, at *2 (N.D.N.Y. Apr. 21, 2011) (quoted in Barbour, 993 F. Supp.2d at 290; citations omitted); accord Hogan v. Astrue, 539 F. Supp.2d 680, 682 (W.D.N.Y. 2008). Apart from asserting that 47.7 hours of attorney time exceeds the average twenty-to-forty hours involved in a routine disability case, the Commissioner does not point to any other factors that render Plaintiff's request excessive or unreasonable.

Plaintiff asserts that several factors weigh in favor of awarding 47.7 hours of attorney time. Plaintiff cites the size of the administrative transcript, which was 990 pages. While not dispositive, the size of the administrative transcript is an

appropriate factor to consider in allowing a greater than average award of fees. See, e.g., Borus v. Astrue, No. 09-CV-4723 (PAC)(RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (a factor weighing in favor of exceeding average hours was that the claimant's attorney "was forced to review an extremely voluminous administrative record, totaling nearly 700 pages") (citing Colegrove v. Barnhart, 435 F. Supp.2d 218, 220 (W.D.N.Y. 2006) (on a motion for EAJA fees, 1,100-page administrative record justified over 90 hours billed in a disability case)). Here, the voluminous transcript covered the seven-year history of Plaintiff's case at the administrative level and included transcripts from the two hearings conducted by the ALJ, as well as the two decisions issued by the ALJ. The Court agrees that the length of the transcript and the less-than-routine administrative history of this case weigh in favor of exceeding the average fee award. Moreover, "[t]he extent of an attorney's success for a client is 'a crucial factor in determining the proper amount of an award of attorney's fees.'" Rivera ex rel. DeJesus v. Comm'r of Soc. Sec., No. 05 Civ. 4465(NG), 2009 WL 1924772, at *2 (E.D.N.Y. July 2, 2009) (quoting Hensley, 461 U.S. at 439). In the present case, Plaintiff's success in securing a reversal of the ALJ's decision for payment of benefits is a factor to consider in determining the appropriate attorney's fee award.

However, the Court finds Plaintiff's counsel has charged

excessive amounts for certain tasks that are not substantive legal work, such as reviewing two notices of appearance (0.2 hours), reviewing a notice of manual filing (0.1 hour), reviewing a docket entry indicating that the motions for judgment on the pleadings were submitted (0.1 hour), review order granting extension of time to file brief (0.2 hour), reviewing "set/reset deadlines" (0.2 hour); reviewing the judgment entered in this Court (0.1 hour). Accordingly, the Court subtracts 0.9 hour from the 47.7 total attorney time requested.

The Court next considers whether any of the other entries that comprise the remaining 46.8 hours of attorney time are excessive. The Court notes that Plaintiff's counsel charged 1.5 hours for reviewing the "EAJA time and motion" and also charged 2.7 hours of paralegal time for the preparation of the EAJA motion, for a total of 4.2 hours. The Court finds that this is somewhat excessive and reduces the amount by 1.2 hours of paralegal time, for a final charge of 1.5 hours of attorney time and 1.5 hours of paralegal time. See Balsano v. Astrue, No. 09-CV-490(DNH/VEB), 2013 WL 935782, at *4 (N.D.N.Y. Feb. 2, 2013) (time spent preparing and filing initial attorney's fees motion reduced to 3 hours) (citing Dabul-Monti, 2011 WL 1541363, at *2 (finding 2.5 hours for preparation of attorney's fees motion reasonable); Coughlin v. Astrue, No. 06-CV-0497(NAM/GJD), 2009 WL 3165744, at *3 (N.D.N.Y. Sept. 28, 2009) (finding that "3½ hours spent by counsel to

'prepar[e]' and to 'finalize and file' the EAJA motion is excessive and unreasonable")).

The Court has reviewed the remaining time entries comprising the 46.8 hours and finds that they are generally reasonable. Notably, the Commissioner has not objected to any particular time entry as unreasonable or excessive. Therefore, the Court will grant Plaintiff's counsel's request for an award of 46.8 hours of attorney time at the rate of $195.60 per hour. The Court recognizes that this amount is higher than Circuit average, but notes that this matter involved a lengthy transcript, two administrative hearings, and a very favorable result for Plaintiff. Plaintiff's counsel's request for 3.4 hours of attorney time with regard to the preparation of the reply to the Commissioner's memorandum of law in connection with the EAJA motion is not supported by contemporaneous time records and therefore is denied.

With regard to the 4.9 hours of paralegal time, the Court already has reduced it by 1.2 hours, as discussed supra. The Court also finds that 0.5 hour for preparing correspondence to this Court "submitting 1695" and 0.2 hour for "create lead attorney 1695" are not sufficiently explained and appear to be more clerical or ministerial in nature. Therefore, the Court declines to authorize reimbursement for them. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of

who performs them."); see also Kottwitz v. Colvin, No. 14-CV-02677(PGG)(SN), ___ F. Supp.3d ___, 2015 WL 293821, at *4 (S.D.N.Y. July 14, 2015) ("Administrative or clerical work is not compensable under the EAJA.") (citing, inter alia, Mirabito, 2014 WL 1341928, at *2). This leaves 3.0 hours of paralegal time spent on more substantive tasks for which the time charged appears generally reasonable. The Court will permit reimbursement for 3.0 hours of paralegal time, payable at prevailing market rates. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008) (holding that under the EAJA, plaintiff was entitled to recover fees for paralegal services at the market rate it paid for such services). Plaintiff's counsel has requested, without justification, $100 per hour for paralegal time. As the fee applicant, Plaintiff "has the burden of showing by 'satisfactory evidence-in addition to the attorney's own affidavits'-that the requested hourly rates are the prevailing market rates." Farbotko v. Clinton Co. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005) (quotation omitted). The district court may take "judicial notice of the rates awarded in prior cases" and rely on its "own familiarity with the rates prevailing in the district." Id. Based on the Court's research of recent decisions from this District, and in the absence of proof from Plaintiff's counsel that $100 per hour is the prevailing local rate, it concludes that $75 is the prevailing local hourly rate for paralegal staff. E.g., Ortez v. First

Recovery Group, LLC, No. 13-CV-671-JTC, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014).

Finally, there was no objection to the request for costs of $46.38. That request is therefore be granted.

**D. Method and Time for Payment**

Plaintiff's counsel has attached a "duly executed" Affidavit and Waiver of Direct Payment and states that "the government will accept the assignment of EAJA fees and pay such fees directly to the Plaintiff's attorney" if the United States Department of the Treasury determines that Plaintiff owes no debt subject to offset. Pl's Mot., ¶ 11 (citing Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521 (2010)). In Ratcliff, the Supreme Court held that

> [t]he fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney. . . . . [T]he statute's plain text does the opposite-it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

Ratliff, 130 S. Ct. at 2526-27. "Consistent with the other district courts in the Second Circuit to have considered the issue, this Court finds that Ratliff states explicitly that the name on the check must be Plaintiff's and not [her] attorney's." Rugless v. Comm'r of Soc. Sec., 2014 WL 2648772, at *7 (W.D.N.Y. June 13, 2014) (citing Manning v. Astrue, No. 5:09-CV-88 FJS/VEB, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29, 2011) (citing Scott v. Astrue, No. 08-CV-910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan.5, 2011)).

-11-

However, so long as Plaintiff herself appears as the payee on the check, there is no reason why the Commissioner cannot mail the check to Plaintiff's counsel pursuant to the Waiver and Assignment that Plaintiff signed. See id.

**IV. Conclusion**

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's First Motion for Attorney Fees Pursuant to the EAJA (Dkt #15). The Court determines that the fee award to Plaintiff's counsel under the EAJA should be as follows: (1) attorney's fees in the amount of $9,154.08 (46.8 hours at $195.60 per hour), (2) paralegal's fees in the amount of $225.00 (3 hours at $75 per hour), and (3) costs in the amount of $46.38, for a total award of $9,425.46. The Commissioner is ordered to pay Plaintiff $9,425.46, subject to any outstanding Federal debts, and to mail the award to Plaintiff's attorney within 60 days of the date of entry of this Decision and Order.

**SO ORDERED.**

                                        **S/ Michael A. Telesca**

                               _____
                                HONORABLE MICHAEL A. TELESCA
                                United States District Judge

DATED:     November 5, 2015
             Rochester, New York